UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

IRIS SMELLIE, et al., Individually and on
behalf of others similarly situated,

Plaintiffs,

-v-

MOUNT SINAI HOSPITAL, et al.,

Defendants.

--------------------------------------------------------x



No. 03 Civ. 805 (LTS)(DFE)

## ORDER

Plaintiff Joanne Langaigne ("Plaintiff" or "Langaigne") filed a motion for an order

vacating dismissal of the above-captioned action as to Ms. Langaigne and granting a conference in

the matter. (See Docket Entry No. 208.) The Court directed Plaintiff's counsel, Mr. Gregory

Antollino, and counsel for Defendant Mount Sinai Hospital, to submit responses to Plaintiff's

motion to vacate. The Court received a response from Mount Sinai dated February 8, 2008, and a

response from Mr. Antollino dated February 21, 2008. On March 11, 2008, the Pro Se Office of

the Court received a note from Ms. Langaigne requesting that the Court help her and attaching a

copy of Mr. Antollino's response. The Court construes this note as Plaintiff's reply to the

submissions. Ms. Langaigne submitted an additional letter to the Court, which is dated March 25,

2008. The Court has reviewed thoroughly these submissions. The Court has also considered

Plaintiff's November, 2007, letter to the Court and Plaintiff's two letters to the Court received in

Chambers on February 15, 2008, as well as Mr. Antollino's January 7, 2008, letter to Plaintiff

attached thereto.

This action was dismissed as to Ms. Langaigne by a Stipulation, so-ordered on July 25, 2007, which recited the absence of any viable federal FLSA overtime claim on Ms. Langaigne's part and the absence of any basis for the exercise of jurisdiction over her state law claims in light of the settlement and dismissal of the federal claims of her co-plaintiff Iris Smellie. Ms. Langaigne's state claims were dismissed without prejudice. Ms. Langaigne asserts that she wanted to settle certain claims against Mount Sinai and seeks the reopening of her case and Court-directed settlement proceedings. Although Plaintiff is clearly dissatisfied with Mr. Antollino's representation and the results in this case, she does not dispute that Mr. Antollino represented her when he executed the July 25, 2007, Stipulation.

Mr. Antollino and Defendant both submit that Plaintiff has no viable federal claim, as the statute of limitations on her Fair Labor Standards Act claim for overtime expired before she joined the above-captioned action. (See also January 7, 2008, Antollino letter to Plaintiff, stating that her federal overtime claims were time barred, and that she had no basis for being in federal court once her co-plaintiff's case was concluded.) Plaintiff does not dispute that she was added as a party to this action on October 9, 2003; more than three years after Defendant and Mr. Antollino represent that her companion services work for Mount Sinai terminated. (See Docket Entry labeled "Added party Paulette Irving, Noralene Beckford, Joanne Langaigne" which was filed on October 9, 2003.) Under the FLSA, a cause of action for unpaid overtime is "forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C.A. § 255(a). Therefore, even under the more generous statute of limitations for "willful violations," the statute of limitations on any federal claim for overtime that Plaintiff had under the FLSA has run.

Plaintiff argues that the July 25, 2007, Stipulation and order of dismissal – a copy of which is attached to this Order – should be vacated because "there was no settlement offered on [Plaintiff's] behalf" and because Defendant Mount Sinai failed to "pay taxes" on her behalf.[1] Plaintiff's desire for a settlement payment from Mount Sinai does not provide a proper basis for reopening the case, where the only federal claim asserted on Ms. Langaigne's behalf in the case is time-barred. The "tax" issues referred to in Ms. Langaigne's correspondence with the Court were not raised in the case, which only asserted federal claims regarding overtime payments, and certain state law claims. Furthermore, without a viable federal claim, it is not appropriate for the Court to exercise jurisdiction of her state law clams, which can be pursued in state court. Ms. Langaigne's application to vacate the dismissal order and reopen her case is therefore denied.

Ms. Langaigne's application also provides no basis for the Court to require Mount Sinai to pay any particular settlement amount or to supervise settlement discussions among the parties. There is no evidence that any binding settlement agreement was ever reached before the case was dismissed and, as explained above, the Court has no jurisdiction to deal with the non-federal claims that Ms. Langaigne asserted in this case. Ms. Langaigne's request that the Court conduct a settlement conference is therefore denied.

Nothing in this order precludes Ms. Langaigne from pursuing her non-federal claims in state court or from investigating whether she has any other federal claims that could be asserted against Mount Sinai in another lawsuit. The Court encourages Plaintiff to meet with Mr. Antollino to discuss the status of the state court action that has apparently been commenced on her behalf and

---

[1] Plaintiff also makes general statements regarding fraud by Mount Sinai in her November letter, but fails to specify any fraudulent acts on the part of the Defendant or identify any basis for this Court's exercise of jurisdiction over any such fraud claims.

her intent with regard to that action. The Clerk of Court is respectfully requested to terminate

Docket Entry No. 208.

SO ORDERED.

Dated: New York, New York
     April 1, 2008

LAURA TAYLOR SWAIN
United States District Judge